John K. Bennett, Esq.(JB-0527)
Patrick J. Hughes, Esq.(PH-0488)
Connell Foley LLP
888 Seventh Avenue
New York, New York  10106
(212) 262-2390
Attorneys for Defendant,
Grand Toys International Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT L. BIER,<br><br>    Plaintiff,<br><br>-against-<br><br>GRAND TOYS INTERNATIONAL LIMITED,<br><br>    Defendants. | Hon. John G. Koeltl, U.S.D.J.<br><br>Case No. 07-cv-7235 (JGK)<br><br>**ANSWER TO COMPLAINT** |

Defendant, Grand Toys International Limited ("Grand"), a limited company organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, having its registered office at Chinachem Golden Plaza, 77 Mody Road, Tsimshatsui East, Kowloon, Hong Kong, without waiving any defenses, including but not limited to this Court's lack of personal jurisdiction over it, responds to the Complaint of the plaintiff Elliot L. Bier ("Bier"), as follows:

### AS TO NATURE OF THE ACTION

1. Defendant denied that this is an action arising under this Court's diversity-of-citizenship jurisdiction, as defendant is not an entity subject to suit in this Court under

any provision set forth in 28 U.S.C. § 1332. Defendant further denies the remaining allegations set forth in paragraph 1.

2. Defendant denies the allegations set forth in paragraph 2.

3. Defendant denies the allegations set forth in paragraph 3.

4. Defendant denies the allegations set forth in paragraph 4.

5. Defendant denies the allegations set forth in paragraph 5.

## AS TO PARTIES, JURISDICTION AND VENUE

6. Upon information, defendant admits the allegations set forth in paragraph 6.

7. Defendant admits the allegations set forth in paragraph 7.

8. As to paragraph 8, defendant states that it is a Hong Kong holding company which, through its operating subsidiaries, develops, manufactures and distributes toys and toy-related products throughout the world. Defendant further states that plaintiff was a practicing lawyer in Montreal, Canada, who also was retained by defendant to perform certain services as an independent contractor, and not as an employee, including as executive director and Vice Chairman of the Board of Directors

of Grand. Except as so stated, defendant denies the allegations set forth in paragraph 8.

9. As to paragraph 9, defendant specifically denies that this Court has personal jurisdiction over it.

10. Defendant denies the allegations set forth in paragraph 10, as it is not an entity subject to suit under 28 U.S.C. § 1332.

11. As to paragraph 11, defendant states that the proper venue, if any, for this action would be the appropriate Hong Kong tribunal; therefore, defendant denies the allegations set forth in paragraph 11.

## AS TO GENERAL ALLEGATIONS

12. Defendant denies the allegations set forth in paragraph 12.

13. As to paragraph 13, defendant states that on or about August 16, 2004, defendant and plaintiff entered into an Amended and Restated Consulting Agreement ("Consulting Agreement"), the terms of which are set forth therein. Except as so stated, defendant denies the allegations set forth in paragraph 13.

14. As to paragraph 14, defendant refers to the terms of the Consulting Agreement for the accuracy of plaintiff's characterization thereof. Except as so stated, defendant denies the allegations set forth in paragraph 14.

15. As to paragraph 15, defendant refers to the terms of the Consulting Agreement for the accuracy of plaintiff's characterization thereof. Except as so stated, defendant denies the allegations set forth in paragraph 15.

16. As to paragraph 16, defendant states that at all times it has performed its obligations under the Consulting Agreement. Defendant further states that in or about August 2006, plaintiff took funds from Grand Toys, Ltd., as a "bonus" payment for himself, without proper authorization, as a result of which his authorization to transfer corporate funds and funds in Grand Canada was revoked, and certain other corrective actions were taken. Defendant further states that in or about December 2006, plaintiff was not re-elected to Grand's Board of Directors, and did not continue as Grand's Deputy Chief Executive Officer. Except as so stated, defendant denies the allegations set forth in paragraph 16.

17. Defendant denies the allegations set forth in paragraph 17.

18. As to paragraph 18, defendant states that in or about June and July 2007, plaintiff made demands for payments he claimed were owed to him under the Consulting Agreement. Except as so stated, defendant denies the allegations set forth in paragraph 18.

19. As to paragraph 19, defendant states that, in response to plaintiff's demands for payments, defendant stated its intention that plaintiff was to receive whatever payments, if any, to which he was entitled under terms of the Consulting Agreement. Except as so stated, defendant denies the allegations set forth in paragraph 19.

20. Defendant denies the allegations set forth in paragraph 20.

## AS TO CLAIM FOR RELIEF

21. Defendant repeats its responses to plaintiff's preceding allegations as if set forth fully herein.

22. Defendant denies the allegations set forth in paragraph 22.

23. Defendant denies the allegations set forth in paragraph 23.

24. Defendant denies the allegations set forth in paragraph 24.

Therefore, defendant denies that plaintiff is entitled to any judgment or any other relief sought in his Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**

This Court lacks personal jurisdiction over defendant.

**THIRD SEPARATE DEFENSE**

This Court lacks subject=matter jurisdiction in this action.

**FOURTH SEPARATE DEFENSE**

This Court is not the proper venue for this action.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are estopped and barred by his own conduct and actions.

**SIXTH SEPARATE DEFENSE**

Plaintiff has failed to mitigate damages.

Respectfully Submitted,

**CONNELL FOLEY LLP**
Attorneys for Defendant,
Grand Toys International Limited

By: _____
JOHN K. BENNETT

By: _____
PATRICK J. HUGHES

DATED: November 15, 2007.